Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
Jewish Legal News, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEWISH LEGAL NEWS, INC., a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, a federal agency,<br><br>Defendant. | Case No.: 3:23-cv-05064-PHK<br><br>**FIRST AMENDED COMPLAINT** |

Jewish Legal News, Inc. ("JLN" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief by the JLN against the United States Department of Education ("Department of Education," "DOE" or "Defendant").

2. JLN is an online news magazine located at www.jewishlegalnews.com that covers important debates and issues in the Jewish communities in the US, Israel, and worldwide.

3. By this action, JLN seeks to compel the Department of Education to comply with their lawful obligations under FOIA to release the requested records in their possession regarding complaints of antisemitism at American universities and colleges.

4. Defendant has improperly withheld the records requested by Plaintiff in violation of FOIA and in opposition to the public's strong interest in obtaining information regarding the severity of antisemitism on American universities and how complaints are being managed, processed, and reported.

5. Media reports indicate rising incidents of antisemitism on campus, yet the Department of Education does not appear to be able to keep track of them, which further raises questions how DOE is handling or responding to these complaints.

6. A bipartisan group of 84 lawmakers recently wrote to the Secretary of Education to request an explanation on how the DOE planned to respond to the increase in the backlog of complaints addressing antisemitism received by the Office for Civil Rights, which rose from approximately 10,000 cases in 2019 to more than 19,000 cases last year.

7. In processing Plaintiff's FOIA request alone, DOE admitted that it takes 185 (one hundred eighty-five) business days on average to process each FOIA request. Defendant's admission is openly flouting the legal requirement that agencies must substantially respond within 20 (twenty) working days.

8. Federal Courts have jurisdiction to enjoin a pattern or practice of unlawfully withholding or delaying information in response to FOIA requests even if a party's claim related to a specific FOIA request is mooted. *See, e.g., Hajro v. United States Citizenship & Immigration Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016).

9. The records were requested on behalf of Plaintiff and Plaintiff is statutorily entitled to disclosure of these records, which it seeks so that it may inform the public about this important issue.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**DIVISIONAL ASSIGNMENT**

12. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action should be assigned under Civil L.R. 3-2(c) and (d) to the San Francisco / Oakland division because the action arose in San Mateo County, California.

**PARTIES**

13. Plaintiff Jewish Legal News, Inc. is a 501(c)(3) nonprofit California corporation located at 3 East 3rd Ave., Ste. 200, San Mateo, CA 94401.

14. Defendant Department of Education is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks. The headquarters of the Department of Education is located at 400 Maryland Ave. SW, Washington, DC 20202.

**FACTUAL ALLEGATIONS**

**Background**

15. It has widely been reported that incidents of antisemitism are increasing.[1] Some of the most concerning reports of antisemitism are occurring at colleges and universities across the country.[2]

---

[1] *See* Associated Press. "Antisemitic incidents on rise across the U.S., report finds." PBS, 17 Apr. 2023, https://www.pbs.org/newshour/politics/antisemitic-incidents-on-rise-across-the-u-s-report-finds (last accessed October 3, 2023).

[2] *See* Leef, George. "Why Do Universities Tolerate Blatant Antisemitism?" National Review, 26 April 2023, https://www.nationalreview.com/corner/why-do-universities-tolerate-blatant-antisemitism/ (last accessed September 29, 2023).

16. For instance, three dozen interviews with Jewish students recently showed stories of antisemitic harassment, including slurs endured in class, expulsions from campus clubs, eggs thrown at Jewish fraternities, swastikas carved into their dorm walls, Holocaust-denying flyers, and a growing feeling that they needed to conceal their Jewish identities to be accepted.[3]

17. Some students report being spat upon and harassed, while some campus groups have forced out those who support Israel.[4]

18. Hostility, including vandalism, threats, and slurs toward Jewish students on college campuses increased more than threefold to 155 incidents in 2021 from 47 in 2014, according to the Anti-Defamation League.[5]

19. In 2022, StopAntisemitism, a national watchdog organization, graded 25 colleges and universities across the United States on their effectiveness at mitigating and responding to Jew hatred. Out of the 25 schools analyzed, seven received an F, including one CUNY and two Ivy Leagues.[6]

20. Title VI complaints for antisemitic discrimination have recently been filed at several colleges and universities across the country, including the University of Vermont, the State University of New York, the City University of New York, Brooklyn College, George Washington University,

---

[3] *See* Yellin, Deena. "Tired of hiding: Jews at US colleges face rising antisemitism from left and right." *USATNetwork*, 24 June 2023, https://www.usatoday.com/story/news/education/2023/06/24/rise-in-antisemitism-hate-crimes-jews-colleges/70346697007/ (last accessed September 28, 2023).

[4] *See* Belkin, Douglas. "Antisemitism Is Rising at Colleges, and Jewish Students Are Facing Growing Hostility." *Wall Street Journal*, 14 Dec. 2022, https://www.wsj.com/articles/antisemitism-is-rising-at-colleges-and-jewish-students-are-facing-growing-hostility-11671027820 (last accessed, September 28, 2023).

[5] *Id.*

[6] *See* Gindis, Mia. "New report by StopAntisemitism indicates rise of antisemitism in higher education." *The Ticker*, 23 October 2022, https://theticker.org/8965/news/new-report-by-stopantisemitism-indicates-rise-of-antisemitism-in-higher-education/ (Last accessed September 29, 2023).

University of Southern California, UC Berkeley Law School, and New York University have been filed with the Office of Civil Rights.[7]

21. According to one survey, 57% (fifty seven percent) of Jewish college students have witnessed or experienced antisemitism.[8]

22. Besides the problem of antisemitic discrimination itself, additionally, DOE does not appear to be able to handle the task of managing, responding, or formulating a solution to address the the volume of complaints.

23. DOE admits in its letter in response to Plaintiff's FOIA request regarding complaints of antisemitism that it is only able to process such FOIA requests at an average pace of 185 (one hundred

---

[7] *See* Ring, Wilson. "U of Vermont Settles Ed Department Antisemitism Complaint." *AP News*, 3 Apr. 2023, https://apnews.com/article/university-of-vermont-antisemitism-complaint-brandeis-center-67c5bfc55713a6660879de27f50f3a62 (last accessed September 28, 2023); Tress, Luke. "US Feds Launch Probe into Alleged Antisemitism at New York Public College." *The Times of Israel*, 9 June 2023, https://www.timesofisrael.com/us-feds-launch-probe-into-alleged-antisemitism-at-new-york-public-college/ (last accessed September 28, 2023); Klein, Zvika. "Office of Civil Rights launching investigation against UC Berkeley Law School." *The Jerusalem Post*, 15 December 2022, https://www.jpost.com/diaspora/antisemitism/article-725042 (last accessed September 29, 2023); Meyer, Ezra. "A Title VI Complaint at George Washington University." *The James G. Martin Center for Academic Renewal*, 26 April 2023, https://www.jamesgmartin.center/2023/04/a-title-vi-complaint-at-george-washington-university/ (Last accessed September 29, 2023); Knox, Liam. "USC Faces Investigation Over Alleged Student Harassment." *Inside Higher Ed*, 26 July 2022, https://www.insidehighered.com/news/2022/07/27/ed-launches-title-vi-investigation-usc (Last accessed September 29, 2023); Tress, Luke. "Federal probe to investigate alleged antisemitic harassment at Brooklyn College." *The Times of Israel*, 4 Feb. 2022, https://www.timesofisrael.com/federal-probe-to-investigate-alleged-antisemitic-harassment-at-brooklyn-college/ (Last accessed September 29, 2023); Tabac, Alden. "CUNY sued over failing to deal with antisemitic instances on campuses." *The Jerusalem Post*, 26 July 2022, https://www.jpost.com/diaspora/antisemitism/article-713076 (Last accessed September 29, 2023).

[8] *See* Suter, Tara. "Majority of Jewish college students have witnessed or experienced antisemitism: survey." *The Hill*, 08 Sept. 2023, https://thehill.com/homenews/education/4194744-majority-of-jewish-college-students-have-witnessed-or-experienced-antisemitism-survey/ (last accessed September 29, 2023).

eighty-five) business days, an *astounding 165 (one hundred sixty-five) business days* beyond the 20-day legal limit.

24. DOE's inability to keep track of and propose solutions to the crisis has attracted the attention of lawmakers.

25. A group of 84 bipartisan lawmakers recently wrote to Education Secretary Miguel Cardona ("Rosen/Lankford Letter") pressing for information on the Department of Education's plans to resolve the backlog of investigations into campus antisemitism and improve protections for Jewish students.[9] *See* Exhibit "A".

26. The bipartisan Rosen/Lankford Letter cites a 2022 survey finding that 54% of Jewish students feel that they pay a social cost for supporting the existence of Israel as a Jewish state. It also observed that the overall number of complaints received by the Office for Civil Rights has risen from approximately 10,000 cases in 2019 to more than 19,000 cases last year.

27. The lawmakers asked how DOE plans to help schools improve their reporting of antisemitic incidents on their campuses, communicate best practices, provide assistance to schools in ensuring civil rights protections for Jewish students, and ensure that students and others are familiar with resources for addressing discrimination. The letter encourages the Department to continue to swiftly investigate other pending cases and to continue to enforce federal civil rights laws against antisemitism in all forms.

---

[9] *See* Manning, Smith, Rosen, Lankford Bipartisan, Bicameral Letter to Secretary Miguel Cardona, 22 Aug. 2023, https://www.rosen.senate.gov/wp-content/uploads/2023/08/Manning-Smith-Rosen-Lankford-Bipartisan-Letter-to-Education-Secretary-on-Campus-Antisemitism-8.22.23.pdf (last accessed September 28, 2023).

28. To further determine how DOE plans to decrease the backlog of complaints and address systemic antisemitic at universities, JLN requested information through FOIA that would allow the public to get a grasp on the volume of antisemitic complaints at universities.

**Plaintiff's FOIA Request**

29. On August 28, 2023, attorney Mark L. Javitch, on behalf of JLN, submitted a FOIA request to DOE via the online FOIA portal ("the portal"). A true and correct copy of the request is attached to this Complaint as Exhibit "B" and is incorporated by reference herein.

The Requests included:

1. Copies of all complaints related to allegations of antisemitism at colleges and universities received by the Department from April 1, 2023 to May 30, 2023.

2. Documents detailing the number of resolved and unresolved investigations into campus antisemitism, including a breakdown of how long each case has been pending, the status of each case, any case summaries or status updates, including documents or memos discussing strategies or plans the Department has established to address and resolve this backlog.

3. Reports, guidelines, and communications concerning the Department's initiatives and efforts to encourage the reporting of antisemitic incidents on campuses, including any materials, resources, or best practice documents that the Department has disseminated to schools to help improve their reporting mechanisms and address discrimination.

4. Documents, memos, and plans related to the administration's strategy for combating antisemitism on campuses, including any implementation timeline and expected outcomes of this strategy.

5. Internal documentation, training materials, or communications that discuss the use and application of the International Holocaust Remembrance Alliance's working definition of antisemitism within the Department and its guidance to educational institutions.

6. Internal documentation, training materials, or communications that discuss the use and application of the Nexus working definition of antisemitism within the Department and its guidance to educational institutions.

7. Documents, correspondence and policies regarding how Title VI should apply to protect Jewish students against antisemitic discrimination.

8. Any other FOIA requests and responses regarding complaints or allegations of antisemitism on campus.

Date Range: 8/1/21 to 8/1/23

*See* Exhibit "B".

30. The Request complied with all applicable regulations regarding the submission of FOIA requests.

### Defendant's Treatment of Plaintiff's FOIA Request

31. Defendant initially acknowledged Plaintiff's request ("Request").

32. On August 28, 2023, Defendant sent an email assigning the request 23-02670-F. *See* Exhibit "C"

33. On August 29, 2023, Defendant sent a letter seeking clarification on the date range. *See* Exhibit "D".

34. On August 29, 2023, Plaintiff clarified the date range as 8/1/21 to 8/1/23. Plaintiff narrowed the request for all antisemitism complaints to a range of 4/1/23 to 5/30/23 only. *See* Exhibit "E".

35. On August 30, 2023, Defendant sent a letter stating that the Request had been updated to the status of "In Progress." *See* Exhibit "F".

36. On September 28, 2023, Defendant sent another letter. The letter stated "At this time, your request is still being processed. We appreciate your patience as we work diligently to process your request. Please be advised that the average request processing time is approximately 185 business days. As this is an average, your request may take more time or may be processed sooner." *See* Exhibit "G".

37. As of the filing of the Complaint, it has been more than 20 (twenty) working days since JLN's Request was submitted and acknowledged. Defendant failed to inform Plaintiff when it would

process its request other than to state Plaintiff's request may take more or less time than 185 working days.

38. On March 11, 2024, Defendant stated that it had completed production of documents it believed were responsive to Plaintiff's requests.

39. As of the date of filing the First Amended Complaint, the Department of Education continues to violate FOIA. It has withheld entire documents in full, asserted overbroad exemptions, failed to reasonably segregate, and failed to produce a Vaughn index.

## FIRST CAUSE OF ACTION
### Failure to Comply with Statutory Deadlines

40. Plaintiff incorporates the foregoing paragraphs herein.

41. Defendant is a federal agency subject to FOIA.

42. Plaintiff submitted a request. Through the Request, Plaintiff properly asked for records within the possession, custody and/or control of Defendant.

43. Defendant failed to make a determination with respect to Plaintiff's Request within the 20-working day deadline required by FOIA. 5 U.S.C. § 552(a)(6)(A).

44. Defendant failed to claim that unusual circumstances existed warranting additional time needed.

45. Defendant also failed to specify any date that the request would be completed, other than stating the "average" processing time is 185 (one hundred eighty-five) business days, and that Plaintiff's request may be handled sooner or later than that.

46. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A); *id*. § 552(a)(6)(C).

## SECOND CAUSE OF ACTION

### Pattern and Practice Violation of FOIA

47. Plaintiff incorporates the foregoing paragraphs herein.

48. Defendant is a federal agency subject to FOIA.

49. Plaintiff submitted a request. Through the Request, Plaintiff properly asked for records within the possession, custody and/or control of Defendant.

50. Defendant failed to make a determination as to what documents are responsive within 20 (twenty) working days as required by law.

51. Defendant did not complete its initial production (although containing excessive redactions) until March 11, 2024.

52. Defendant's initial response and production took 136 working days, or 208 total days to complete.

53. The delay in this case was not merely an isolated incident. Requests or administrative appeals that are pending at an agency at the end of the fiscal year that are beyond the statutory time-period for a response is known as a "backlog."

54. There is substantial evidence of backlogs causing chronic delays.

55. Defendant admitted that its average response time is 185 (one hundred eighty-five) working days.

56. Defendant could not inform Plaintiff of any specific date that it could process Plaintiff's request, other than stating it could take more or less than 185 (one hundred eighty-five) working days.

57. According to Department of Education's annual report, at the end of 2023, the department had 1,978 "backlogged" requests. The 2023 backlog was up 27% from 1,557 in 2022. The 2022 backlog was up 123% from only 697 in 2021. The backlog has nearly tripled in two years.

58. Defendant's response letter did not indicate that it planned to address the illegal processing times.

59. Plaintiff is an online news website covering topics of concern in the Jewish community. Plaintiff has an interest in informing the public about college antisemitism complaints. Plaintiff was harmed by Defendant's delays in producing responsive documents and by them being produced with excessive redactions. Plaintiff plans to request antisemitism complaints again in the future from the Department of Education. Accordingly, Plaintiff has a sufficient likelihood of being harmed again in the future by this practice.

60. Defendant's failure to organize and process complaints is so widespread that members of Congress have taken notice. In August 2023, a group of 84 (eighty-four) bipartisan members wrote a letter demanding Defendant implement systemic changes to improve its processes for managing antisemitism complaints. *See* Exhibit "A".

61. Accordingly, Plaintiff seeks an order requiring Defendant to make a determination as to all outstanding FOIA requests within 30 (thirty) days.

### THIRD CAUSE OF ACTION
**Use of Invalid Exemptions**

62. Plaintiff incorporates the foregoing paragraphs herein

63. Defendant is a federal agency subject to FOIA.

64. Plaintiff submitted a request. Through the Request, Plaintiff properly asked for public records within the possession, custody and/or control of Defendant.

65. Defendant responded in part by withholding documents in full and/or portions of documents by asserting FOIA exemptions (b)(5), (b)(6), (b)(7)(A) and (b)(7)(C) applied.

66. The burden is on the government to show that an exemption properly applies to the records it seeks to withhold.

67. These exemptions do not apply. Defendant cannot satisfy its burden to demonstrate that the records withheld and/or the portion of the records redacted satisfy the prerequisites to apply the asserted exemptions. Further, Defendant failed to produce a Vaughn index.

68. Plaintiff seeks an order holding that Defendant's assertion of the above FOIA exemptions is invalid.

## FOURTH CAUSE OF ACTION
### Failure to Reasonably Segregate

69. Plaintiff incorporates the foregoing paragraphs herein.

70. Defendant is a federal agency subject to FOIA.

71. Through the Request, Plaintiff properly asked for agency records within the possession, custody and/or control of Defendant.

72. Defendant completed its initial production on March 11, 2024, although the production contained significant redactions purporting to represent FOIA exemptions.

73. Many redactions covered entire pages, and others were not narrowly tailored, covering entire paragraphs.

74. Defendant failed to reasonably segregate and produce non-exempt material in response to the Request.

75. Defendant's failure to segregate and produce non-exempt material in response to the Request violates their obligations under FOIA. 5 U.S.C. § 552(b); § 552(a)(8).

76. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A); § 552(a)(6)(C).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1) declare that Plaintiff is entitled to disclosure of the records responsive to the Request;

2) declare that Defendant failed to comply with the statutory deadlines, asserted invalid and overbroad exemptions, failed to reasonably segregate non-exempt from exempt material, and enjoin Defendant from continuing to assert such invalid exemptions and improperly withhold any and all non-exempt records or portions thereof responsive to Plaintiff's Request;

3) declare that Defendant has a pattern and practice of violating FOIA, enjoin Defendant from such practice, and enjoin Defendant from failing to make a determination as to all outstanding FOIA requests within 30 (thirty) days;

4) declare that Plaintiff has prevailed in this action and award Plaintiff reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5) grant such other relief as the Court may deem just and proper.

Dated: April 2, 2024                                Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (CA# 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
Jewish Legal News, Inc.